Case 4:21-cv-00300-SDJ Document 1-4 Filed 04/14/21 Page 2 of 207 PageID #: 161   Filed 3/11/2021 3:49 PM
Shawntel Golden
District Clerk
Lamar County, Texas

Tess Anderson

## CAUSE NO. 90159

| | | |
|---|---|---|
| **DAVID WAYNE ROBISON PLAINTIFF,** | § § § | **IN THE DISTRICT COURT OF** |
| **VS.** | § § | Lamar County - 62nd District Court |
| **ROCK HAULERS LLC AND STEVEN SIVARD DEFENDANTS.** | § § § § | **_____ JUDICIAL DISTRICT** |
| | § | **LAMAR COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff, **DAVID WAYNE ROBISON** complaining of **ROCK HAULERS LLC** and **STEVEN SIVARD** (hereinafter referred to as "Defendants") and would respectfully show this Honorable Court as follows:

**1.00   LEVEL OF DISCOVERY CONTROL PLAN**

1.01   Pursuant to Texas Rule of Civil Procedure 190.1, discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

**2.00   PARTIES**

2.01   Plaintiff, **DAVID WAYNE ROBISON**, is a resident of Lamar County, Texas. Pursuant to Tex. Civ. P. & Rem Code 30.14(a), the last three digits of Plaintiff's Social Security number are 707.

2.03   Defendant **ROCK HAULERS LLC** is an Oklahoma corporation with its corporate headquarters in Oklahoma and may be served with citation through its registered agent, **Rock Haulers, LLC, 2596 E. 2140 Rd., Grant, OK 78738.**

---

PLAINTIFF'S ORIGINAL PETITION
Doc #1242510

PAGE 1

**EXHIBIT A**

2.04    Defendant **STEVEN SIVARD** is an individual who resides in Oklahoma and may be served with citation at 1014 S. Main St., Fort Towson, OK 74735 or WHEREVER HE MAY BE FOUND.

### 3.00    JURISDICTION AND VENUE

3.01    The amount in controversy is within the jurisdictional limits of this Court.

3.02    Lamar County is the proper venue for this action pursuant to the Texas Civil Practice and Remedies Code, Section 15.001, *et seq.*, because Lamar County is the county in which all or part of the acts or omissions giving rise to these claims occurred.

3.03    Pursuant to Rule 47(c) Plaintiff is seeks monetary relief over $1,000,000.

### 4.00    FACTUAL STATEMENT

4.01    On or about July 17, 2020, Plaintiff, David Robison, was driving his personal vehicle in Paris, Lamar County, Texas.   He was traveling westbound on NE Loop 286. Defendant, STEVEN SIVARD (hereinafter referred to as "SIVARD") was acting in the course and scope of his employment with Rock Haulers LLC (hereinafter referred to as "ROCK HAULER") and was operating a tractor-trailer.  Defendant Sivard made a lane change into the lane occupied by the Plaintiff's vehicle.  By failing to yield the right-of-way to the Plaintiff, Defendant Sivard struck the Plaintiff's vehicle causing it to spin out and then was struck a second time by the 18-wheeler causing the wreck.

4.02    Plaintiff suffered serious and permanent injuries as a result of the collision.

## 5.00   NEGLIGENCE:  DEFENDANT STEVEN SIVARD

5.01     Plaintiff would show that, at the time of this collision, Defendant Sivard failed to exercise the reasonable care of an ordinary prudent operator of a tractor/trailer under the same or similar circumstances, particularly with regard to the following:

a.     In failing to yield the right-of-way;

b.     In failing to maintain in his lane of travel;

c.     Negligently operating his tractor-trailer;

d.     In failing to keep a proper lookout;

e.     Changing lanes in a dangerous manner;

f.     In failing to take proper evasive action;

g.     In failing to pay adequate attention to the roadway;

h.     Failing to exercise the highest degree of care, or, in the alternative, ordinary care in the operation of a motor vehicle.

5.02     The above acts and omissions, whether taken singularly or cumulatively, were the proximate cause of this collision and the resulting damages to the Plaintiff.

## 6.00   NEGLIGENCE:  DEFENDANT ROCK HAULERS LLC

6.01     Plaintiff would show that at the time of this collision, Defendant Rock Haulers LLC, by and through its employees, agents, representatives, and/or vice-principals, failed to exercise the reasonable care of an ordinary prudent owner of a trucking company under the same or similar circumstances, particularly with regard to the following:

1.     Failing to instruct Sivard on driving a vehicle safely;

2.      Failing to properly qualify Sivard;

3.      Failing to properly supervise Sivard in driving a vehicle safely;

4.      Negligently entrusting a tractor-trailer to Sivard;

5.      Failing to provide appropriate orientation to Sivard; and

6.      Negligently training Sivard.

6.02      The above-referenced acts or omissions, whether taken separately or cumulatively, were a proximate cause of this collision and the resulting injuries and damages sustained by the Plaintiffs.

### 7.00     **GROSS NEGLIGENCE**

7.01      Plaintiffs would show that the actions of the Defendants, individually, and/or by and through their agents, employees, vice-principals, management and officers set out in Sections 5.00 and 6.00 above, were heedless and reckless and evidence an entire want of care constituting an actual conscious indifference for the rights, safety and welfare of Plaintiffs and others similarly situated. These heedless and reckless acts and/or omissions were done with an actual, subjective awareness of the risks involved and these risks, when viewed from the standpoint of an objective person, involved an extreme degree of risk due to the probability and magnitude of the potential harm to others. Furthermore, Plaintiffs would show that the actions of the Defendants, individually, and/or by and through their agents, employees, vice-principals, management, and officers, set out in Sections 5.00 and 6.00 above, were performed with a flagrant disregard for the rights of others and with an actual awareness on the part of the Defendants that the acts would, in reasonable probability, result in human death or great bodily

harm.  These acts and omissions, on the part of the Defendants, whether taken separately or together, were a proximate cause of the damages and injuries.

### 8.00   DAMAGES: DAVID WAYNE ROBISON

8.01   Plaintiff would show that as a direct and proximate result of the acts and/or omissions committed by Defendants, Plaintiff was caused to suffer serious and **permanent personal injuries**, which have caused Plaintiff has in the past and will, in reasonable probability, cause Plaintiff in the future, physical pain, mental anguish, lost wages, loss of earning capacity, physical impairment, disfigurement, medical expenses, lifecare expenses and hospital expenses, for which Plaintiff should be compensated in accordance with the laws of the State of Texas. Therefore, Plaintiff seeks damages from Defendants and, by reason of the injuries and damages set forth above, Plaintiff has been damaged far in excess of the minimum jurisdictional limits of this Court.

### 9.00   EXEMPLARY DAMAGES

9.01   The conduct of the Defendants constituted a conscious and flagrant disregard for the rights of others and with actual awareness on the part of said Defendants that its acts and omissions would, in reasonable probability, result in human injury, great bodily harm or property damage, justifying the imposition of punitive/exemplary damages, and said acts were a cause, and/or proximate cause and/or producing cause of the injuries and damages in question.  As a result, Defendants should be required to pay exemplary and/or punitive damages.

### 10.00   JURY DEMAND

10.01   Plaintiff respectfully request that the trial of this cause be by jury and Plaintiff will tender the requisite jury fee.

## 11.00  <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein and that upon full and final hearing of this cause, Plaintiffs have judgment of and from the Defendants as follows:

1)    for all actual and punitive damages, both past and future, as prayed for herein, including punitive and/or exemplary damages;

2)    for all of Plaintiff's costs of court;

3)    for pre-judgment interest at the highest legal rate and for the longest period of time allowed by law on all elements of damage claimed herein;

4)    for post-judgment interest at the highest legal rate allowed by law on the amount of the judgment entered by the Court from the date of judgment until collected; and

5)    for such other and further relief, both general and specific, at law or in equity, to which this Honorable Court should find Plaintiff to be justly entitled

Respectfully submitted,

MILLER WEISBROD, LLP

By:

**CLAY MILLER**
State Bar No. 00791266
Cmiller@millerweisbrod.com
**JOSH BIRMINGHAM**
State Bar No. 24059329
Jbirmingham@millerweisbrod.com
11551 Forest Central Drive
Forest Central II, Suite 300
Dallas, Texas 75243
(214) 987-0005
(214) 987-2545 (Facsimile)

And

**CHARLIE S. REED**
State Bar No. 24025608
REED LAW, PLLC
10100 N. Central Expy., Suite 575
Dallas, Texas 75231
tel: 214.570.9555
fax: 214.570.9013
charlie@reed-law-firm.com

**ATTORNEYS FOR PLAINTIFF**